


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| K.L. ENTERPRISES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-722-A |
| | § | |
| HOME DEPOT INTERNATIONAL, INC., ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant Home Depot U.S.A., Inc., ("Home Depot") for summary judgment. Having considered the motion, the response of plaintiff, K.L. Enterprises, Inc., the reply, the summary judgment record, and the applicable authorities, the court has concluded that the motion should be granted in part and denied in part.

I.

Plaintiff's Complaint

Plaintiff commenced this action on August 30, 2006, in the 236th Judicial District Court of Tarrant County, Texas.[1] Plaintiff asserts against defendants, Home Depot International,

[1] Home Depot removed the case to this court on October 13, 2006, pursuant to 28 U.S.C. § 1446(b).

Inc. d/b/a The Home Depot, Home Depot U.S.A., Inc. d/b/a The Home Depot, and The Home Depot Supply, Inc. d/b/a The Home Depot[2] claims (1) of breach of contract; (2) of violations of sections 17.50(a)(3) and 17.46(b) of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Comm. Code Ann. § 17.41 et seq. (2006) ("DTPA"); (3) of common law fraud and deceit; (4) of constructive fraud and deceit; and (5) of negligent misrepresentation.

According to the parties' proposed pretrial order submitted to the court May 30, 2007, plaintiff's only remaining claims against Home Depot are for breach of contract and negligent misrepresentation. Because plaintiff apparently has abandoned all other claims, mentioned above, the court is granting summary judgment as to those claims.

---

[2] Following plaintiff's filing of a stipulation of dismissal, defendants Home Depot International, Inc., and The Home Depot Supply, Inc., were dismissed from the above-captioned action in an order signed by the court April 19, 2007.

II.

Grounds for Home Depot's Motion as to the Breach of Contract and Negligent Misrepresentation Claims

Home Depot urges as grounds of its motion for summary judgment as to the breach of contract and negligent misrepresentation claims that:

1. Plaintiff's claim for breach of contract must fail because (a) there was no contract between Home Depot and plaintiff as (i) the purported contract lacked mutuality, (ii) the purported contract lacked sufficient certainty, and (iii) Home Depot was under no obligation to order the goods at issue; and (b) under sections 2.401(b) and 2.106(a) of the Texas Business and Commerce Code, a "sale" between Home Depot and plaintiff never took place;

2. In the alternative, if a contract did in fact exist, Home Depot is not liable to plaintiff for breach of contract because (a) the contract unambiguously gave Home Depot the right to limit quantities, (b) there were unilateral mistakes coupled with conditions of remedial measures, and (c) there was a mutual mistake as plaintiff knew or should have known that the quote at issue was in error; and

3. There is no evidence that Home Depot failed to exercise reasonable care in its dealings with plaintiff or that plaintiff justifiably relied on Home Depot's representations sufficient to support plaintiff's claim for negligent misrepresentation.

III.

Applicable Summary Judgment Principals

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

IV.

## Undisputed Evidence

The following is an overview of the evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record.[3]

Home Depot is a retail supplier of building materials. Plaintiff is an electrical contractor. Tony Moore ("Moore"),

[3] The undisputed facts section contains those set forth in the parties' joint pretrial order in addition to those contained in the summary judgment record. Further, the court notes that in deciding the motion for summary judgment the court is taking into account Home Depot's objections to plaintiff's summary judgment evidence.

plaintiff's general manager, has been bidding electrical contracting jobs, involving the purchase of copper wire, since 2000. On or about August 3, 2006, Moore contacted Home Depot's employee, Derek Redden ("Redden"), and requested a quote for electrical materials including copper wire. Redden responded to Moore's request by preparing Quote No. 6568-74017 ("Quote 6568"). Moore requested and received quotes from four other suppliers for the same materials.

After reviewing the quotes, of which Quote No. 6568 was the lowest, Moore chose to purchase the copper wire and other supplies from Home Depot and notified Redden by email. The email requested that the price be adjusted to eliminate sales tax and stated that the first two line items of Quote 6568 could be canceled and replaced with other items. A third, final version of Quote 6568 was prepared and forwarded to Moore. Plaintiff did not want to use its existing revolving account with Home Depot to pay for the supplies, and Moore requested that Home Depot hold the prices listed in Quote 6568 until approximately August 8, 2006. Home Depot agreed, and received a check for the quoted price from Moore on August 8, 2006. Home Depot provided Moore

with a receipt acknowledging delivery of the check. The receipt stated as follows:

> This is to verify that The Home Depot located at [1725 North U.S. Highway 287, Mansfield, Texas] received payment for [Quote 6568] via check (ck # 25937) for the amount of $94,886.19 on this date of August 8, 2006. Upon the processing of this check there will be an order placed for the items listed on order 6568-74017.

App. to Def.'s Mot. Summ. J. 45.

On August 9, 2006, Redden and another Home Depot employee, Jonathon Glickman ("Glickman"), visited plaintiff's place of business and informed Moore that a mistake had been made on Quote 6568. Home Depot did not supply to plaintiff the materials for which were described in the final version of Quote 6568.

V.

Analysis

A. There is Evidence That Parties' Agreement Formed a Contract.

In Texas, a transaction for the sale of goods is governed by Chapter 2 of the Texas Business and Commerce Code ("UCC"), unless the context otherwise requires. Tex. Bus. & Comm. Code Ann. § 2.102 (Vernon 2006). Under the UCC, a contract may be formed in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract. § 2.204(a). "Unless otherwise unambiguously indicated by the

language or circumstances . . . an offer to make a contract shall be construed as inviting acceptance in any manner and by any medium reasonable in the circumstances." § 2.206(a). Even if an acceptance or written confirmation contains terms additional to or different from those offered or agreed upon, the acceptance is valid unless it is made conditional on assent to the additional or different terms. § 2.207(a).

1. Home Depot has not established as a matter of law that there was a lack of mutuality.

Texas law also requires that a contract be "based upon a valid consideration, and . . . a contract in which there is no consideration moving from one party, or no obligation upon him, lacks mutuality, is unilateral, and unenforceable." Texas Farm Bureau Cotton Ass'n v. Stovall, 253 S.W. 1101, 1105 (Tex. 1923). Consideration consists of a benefit to the promisor or a detriment to the promisee and there is no requirement that the consideration on each side be the same. Northern Nat. Gas Co. v. Conoco, Inc., 986 S.W.2d 603, 607-08 (Tex. 1998). The term consideration is sometimes referred to as mutuality of obligation and a contract will be construed in favor of mutuality. Texas Gas Utilities Co. v. Barrett, 460 S.W.2d 409, 412 (Tex. 1970).

Here, Home Depot contends that Quote 6568 contained a "right to limit quantities"[4] clause that created a lack of mutuality in the parties' agreement such that a contract could not be formed. In support of this argument Home Depot cites to two cases involving limitation of liability clauses for the proposition that "a limitation of liability clause, in which a service provider would not be liable for an outright refusal to perform, renders the provider's obligation a nullity and makes a contract fail, as a matter of law, for lack of mutuality." Def. Br. Mot. Summ. J. 5 (citing Sterling Computer Systems of Texas, Inc. v. Texas Pipe Bending Company, 507 S.W.2d 282, 283 (Tex. Civ.App.-Houston[14th Dist.] 1974, writ ref'd); Spellman v. Lyons Petroleum, Inc., 709 S.W.2d 295, 297 (Tex.App.-Houston[14th Dist.] 1986, writ ref'd n.r.e.)). Home Depot applies this principal to Quote 6568's "right to limit quantities" clause and argues that "[g]iven this reservation of rights language in the Home Depot quote, there is a lack of mutuality that negated the existence of an enforceable contract." Def.'s Br. Mot. Summ. J. 5.

---

[4] Def.'s Br. Mot. Summ. J. 5-6 (referring to the statement on the first page of Quote 6568 that said "[w]e reserve the right to limit the quantities of merchandise sold to customers"); Def.'s App. Mot. Summ. J. Ex. A.

Plaintiff maintains that parties' agreement did form a contract and that the "right to limit quantities" clause did not apply to special order goods such as those contained in Quote 6568 or, alternatively, that if the clause did apply, that Home Depot's right to limit quantities was

> extinguished when Plaintiff accepted Home Depot's offer to sell a specific quantity of materials with the sending of a purchase order, and Home Depot acknowledged the purchase order by accepting the check in payment for the specific quantity of said materials. [Pl.s App. Resp. Mot. Summ. J. 21-24]. The Quote alone did not constitute the contract between Plaintiff and Home Depot. Instead, the contract consisted of the Quote, the purchase order, the check and the receipt, and the "right to limit quantities" language was waived and/or never made part of the agreement ultimately reached between Plaintiff and Home Depot regarding specific special order materials.

Pl.'s Br. Resp. Mot. Summ. J. 16.

Even assuming that the "right to limit quantities" clause does apply to special order goods, as Home Depot contends, once Home Depot sent Quote 6568 listing specific quantities of materials and the respective prices as plaintiff requested, Home Depot was making a firm offer of those materials at those prices which plaintiff had the option to either accept or reject. If plaintiff accepted the offer contained in Quote 6568, then Home Depot was obligated to provide at least those quantities listed in the quote at the prices given. Although the clause may have

given Home Depot the right to limit the quantities sold to those it listed in Quote 6568, there is no evidence that the clause was intended to operate to give Home Depot "the unilateral right to sell all, some, or none of the materials listed on the Quote." Def.'s Br. Mot. Summ. J. 5.

2. Home Depot has not established as a matter of law that there was a counteroffer.

Moreover, Home Depot argues that even if Quote 6568 did not lack mutuality and in fact constituted an offer, plaintiff's purchase order containing material additional or different terms operated as a rejection and a counteroffer. However, although plaintiff's acceptance may have contained additional terms, there is no summary judgment evidence that such acceptance was conditioned on Home Depot's assent to those terms. Thus, there is evidence that under UCC section 2.207(a), plaintiff's acceptance was valid and parties' agreement formed a contract.

3. Home Depot has not established as a matter of law that the agreement lacked sufficient certainty.

In addition, Home Depot makes a similar argument regarding the "right to limit quantities" clause and its effect on the definiteness of parties' agreement. Specifically, Home Depot argues that because it had a "unilateral right to sell all, some, or none of the materials listed on the Quote" the agreement

lacked sufficient certainty to form an enforceable contract. For the reasons discussed in the section above, the court concludes that once plaintiff accepted the offer, Home Depot did not have a unilateral right to decide what materials to sell and thus, parties' agreement did not lack sufficient certainty.

4. Home Depot's "obligation to order the goods" is irrelevant to whether parties formed a contract.

Section 2.511(a) of the UCC states that "[u]nless otherwise agreed tender of payment is a condition to the seller's duty to tender and complete any delivery." Home Depot maintains that parties in fact "otherwise agreed" that processing of plaintiff's check was a condition precedent to Home Depot's duty to even order the goods, much less deliver them. Def.'s Br. Mot. Summ. J. 7. Plaintiff contends that the agreement regarding the processing of the check was not a contract term at all, but rather a statement of how the parties would proceed, i.e., Home Depot would process plaintiff's check and thereafter place the order. Pl.'s Br. Resp. Mot. Summ. J. 21. Moreover, plaintiff claims that Home Depot is ignoring Section 2.511(b) which states that "[t]ender of payment is sufficient when made by any means or in any manner current in the ordinary course of business unless the seller demands payment in legal tender and gives any

extension of time reasonably necessary to procure it." Because Home Depot never demanded legal tender, plaintiff concludes that its tender of payment by check in the ordinary course of business was sufficient under section 2.511.

Having reviewed the summary judgment evidence, the court cannot conclude that the language in the receipt that Home Depot would process the check was a condition precedent to Home Depot's obligation to order the goods contained in Quote 6568. If a contract was formed, Home Depot did not have the option not to process the check. As plaintiff points out, if there had been a problem with processing the check due to the fault of someone other than Home Depot, e.g., there were insufficient funds in plaintiff's account to cover the amount of the check, then Home Depot may have been able to argue that it was relieved of the obligation to order the goods. However, as it was Home Depot chose not to process the check.

5. Whether a "sale" took place under §§ 2.401(b) or 2.106(a) is irrelevant to whether parties formed a contract.

Section 2.401(b) of the UCC states that " [u]nless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods . . . ." A "sale" is defined

in section 2.106(a) as "the passing of title from the seller to the buyer for a price."

Here, Home Depot argues that there was no contract with plaintiff because: (1) under section 2.401(b) title of the goods listed in Quote 6568 never passed to plaintiff because they were never delivered and (2) under section 2.106(a) a "sale" never occurred because title of the goods did not pass from Home Depot to the plaintiff. Home Depot's argument is misplaced. Whether parties agreement formed a contract is dependent on offer and acceptance. There is evidence that plaintiff's purchase order was a valid acceptance of Home Depot's offer contained in Quote 6568. Whether title to the goods had actually passed and whether a "sale" occurred under section 2.106(a), are irrelevant to the court's inquiry of whether a contract was formed.

B. There is Evidence that the Contract Was Breached.

Because the court concludes that there is evidence that the parties did enter into a contract and that the evidence raises genuine issues of material facts as to whether Home Depot is liable to plaintiff for a breach of such contract, defendant's motion for summary judgment on plaintiff's breach of contract claim must be denied.

C. There is a Genuine Issue of Material Fact as to Whether Home Depot is Liable for Negligent Misrepresentation.

In Texas, a plaintiff must prove the following to recover for negligent misrepresentation: (1) the representation was made by a defendant in the course of its business, or in a transaction in which it had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. Federal Land Bank Ass'n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991); McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787, 791 (Tex. 1999) (citing Federal Land and quoting section 552 of the Restatement (Second) of Torts).

Here, Home Depot argues that Redden's mistakes were merely inadvertent, clerical errors that were not the result of carelessness or lack of good faith, and thus did not rise to the level of negligent misrepresentation. However, the court concludes that there is summary judgment evidence raising genuine issues of material fact as to whether Home Depot's conduct constituted negligent misrepresentation. Thus, Home Depot's

motion for summary judgment on plaintiff's claim of negligent misrepresentation must fail.

VI.

ORDER

For the reasons stated herein,

The court ORDERS that Home Depot's motion for summary judgment be, and is hereby, granted as to plaintiff's claims (1) based on the Texas Deceptive Trade Practices-Consumer Protection Act, (2) based on common-law fraud and deceit, and (3) based on constructive fraud and deceit, and that such claims be, and are hereby, dismissed.

The court further ORDERS that Home Depot's motion for summary judgment be, and is hereby, denied as to plaintiff's breach of contract and negligent misrepresentation claims.

SIGNED June 1, 2007.

JOHN McBRYDE
United States District Judge